UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:10-cr-0205-01 (WTL/KPF) |
| | ) | |
| EBONY COMER, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable William T. Lawrence, Judge, on September 7, 2011, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on September 1, 2011, and to submit to Judge Lawrence proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on October 3, 2011, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] The government appeared by Winfield Ong, Assistant United States Attorney; the defendant appeared in person with his appointed counsel, Mike Donahoe, Office of the Indiana Federal Community Defender; and Diane Asher, U.S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Mike Donahoe, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Ms. Comer in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Ms. Comer and her counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Ms. Comer was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

4. That Ms. Comer would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Ms. Comer had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Ms. Comer had violated the alleged condition or conditions of supervised release set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Lawrence's designation on September 1, 2011.

7. Mr. Donahoe stated that Ebony Comer would stipulate there is a basis in fact to hold her on the specifications of violations of supervised release set forth in the Petition. Ms. Comer waived, in writing, the preliminary examination and she was held to answer.

2. Ms. Comer, by counsel, stipulated that she committed specifications of violations numbered 2, 3, 4 and 5 set forth in the Petition for Warrant or Summons for an Offender Under Supervision. The government agreed that it would dismiss specification numbered 1. The violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month."** |
| | Ms. Comer failed to report for appointments with the probation officer on August 10 and August 24, 2011. She has failed to contact the probation officer to indicate her inability to report as directed or reschedule the appointments. |
| 3 | **The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons."** |
| | The defendant was employed s a stylist at Great Clips in Carmel, Indiana, from June 28, 2011, to approximately August 24, 2011. She last report to work on August 9, 2011. She has not reported to work as scheduled, nor communicated with her employer regarding her inability to report for work. As a result, on August 24, 2011, her employment was terminated. |
| 4 | **"The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment."** |
| | The defendant was last known to reside with her mother at 7811 Redcoach Drive, Indianapolis, Indiana. According to her mother, Ms. Comer has not resided at the residence since August 9, 2011, and she has had no contact with the defendant. Ms. Comer has not contacted the probation officer to report a new address. Her whereabouts is currently unknown. |
| 5 | **"The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer."** |

> Ms. Comer failed to notify the probation officer of her contact with law enforcement on August 2, 2011, within 72 hours as required. She notified the probation officer on August 10, 2011, via a Monthly Supervision Report, when she indicated she had been named in a criminal case, and stated, "no arrest, card sent in mail."

The Court placed Ms. Comer under oath and directly inquired of her whether she admitted specifications of violations of her supervised release set forth above. Ms. Comer stated that she admitted the above violations as set forth. The Court now finds there is a basis in fact for her admissions and accepts same. The government moved for dismissal of specifications numbered 1, and the Court granted same.

Counsel for the parties further stipulated to the following:

1) Ms. Comer has a relevant criminal history category of V, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Ms. Comer constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Ms. Comer is 7-13 months.

4) The parties agree that the appropriate disposition for Ms. Comer's violation of the conditions of supervised release is:

The defendant be sentenced to 8 months to the custody of the Attorney General, as follows: 4 months to be served at a federal correctional institution, and the remaining 4 months to be served at a community correctional facility, namely, Volunteers of America, at Indianapolis, Indiana.

5) Upon release from confinement, Ms. Comer will be subject to two years of supervised release, under the conditions imposed at sentencing.

The Magistrate Judge informed the defendant and the parties' respective counsel that he would accept the parties' stipulations.

The Court having heard the evidence and/or arguments of the defendant and her counsel, and the government, now finds that Ms. Comer violated the specified conditions of supervised release as delineated in the Petition to Revoke her supervised release.

Ms. Comer's supervised release is therefore **REVOKED** and she is sentenced to the custody of the Attorney General or his designee for a period of 8 months as follows: The defendant serve four months at a federal correctional institution, and the remaining four months to be served at a community correctional facility, namely, Volunteers of America, at Indianapolis. Upon release from the community correctional facility, Ms. Comer will be subject to two years of supervised release, under the conditions imposed at sentencing.

The Magistrate Judge requests that Diane Asher, U. S. Parole and Probation Officer, prepare for submission to the Honorable William T. Lawrence, District Judge, as soon as practicable,
a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Ms. Comer stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Ms. Comer entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.*

and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Ms. Comer's supervised release.

IT IS SO RECOMMENDED this 4th day of October, 2011.

　
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Winfield Ong,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
The Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,　IN 46204

U. S. Parole and Probation

U. S. Marshal